## COBB *v.* THE REGISTRAR OF PROPERTY.

APPEAL from a decision of the Registrar of Property of Caguas.

No. 5.—Decided April 1, 1907.

RECORD—IDENTITY OF PROPERTIES—DIFFERENCES IN ACREAGE.—Small differences appearing between the actual acreage of property and the records thereof in the registry of property and the documents presented for record are not sufficient to warrant a decision to the effect that the property is not identified, and especially when there is no difference in the boundaries, registrars should set forth the differences in the registry in the manner provided for by the Regulations.

ID.—PAYMENT OF DIFFERENCE IN PRICE OF SALE AFTER RECORDING DEED.—It having been agreed by the parties to the deed of purchase and sale involved in this appeal that if, after a survey of the properties sold, any difference should appear, either more or less, in the acreage, either the purchaser of the vendor, as the case might be, should pay at the rate fixed in said deed for such difference, it is evident that the difference appearing in favor of the vendor in one of the properties sold and which has been made to appear by the parties in a supplementary deed of purchase and sale, must be valued at the price agreed upon; and the payment thereof must be made to appear in the registry of property in accordance with the provisions of article 16 of the Mortgage Law.

The facts are stated in the opinion.

*Mr. Hernández Usera* for appellant.

MR. CHIEF JUSTICE QUIÑONES delivered the opinion of the court.

This is an appeal taken by John B. Cobb, from a decision of the Registrar of Property of Caguas, denying the admission to record of a deed of purchase and sale.

By public deed executed in this city on June 29, 1906, before Herminio Díaz Navarro, an attorney and notary of the same, Ramón Amer y Vicens, in his own right and as the attorney in fact of his wife, Cristina Salas y Estrada, under the power of attorney granted him in Juncos before Notary Lorenzo Jiménez García, on September 1, 1904, with express authority to sell the property belonging to the principal, actually and effectively sold to John B. Cobb, a landowner and

resident of the city of New York, through his special attorney in fact in this Island, Luis Toro Pasarell, three rural estates belonging to his wife, Cristina Salas y Estrada, including one having an area of 120 *cuerdas,* situated in the *barrio* of Hato Nuevo, in the municipal district of Gurabo, at the rate of $90.91 per *cuerda,* that is to say, for the total sum of $27,-384.81, which the vendor received at the time of the execution of the deed, and under the express condition that "if a survey of the estate sold, to be made by the surveyor of the purchaser, within a period not to exceed six months, should show a lesser area than that stated in the contract which had been entered into, the vendor, Cristina Salas, would return to the vendee the value of the shortage, at the rate of $90.91 per *cuerda;* and if, on the contrary, the area thereof should be greater, the purchaser would pay her for the excess at the same rate." This deed was recorded without any difficulty whatsoever in the Registry of Property of Caguas.

By a subsequent deed executed by the same parties on October 15 of last year, in this city, before José Hernández Usera, an attorney and notary of the same, the parties set forth that a survey of the rural estates sold having been made by Surveyor Rodríguez López, without any objection whatsoever, it was found that the estate alleged to have 120 *cuerdas* actually had an area of 147.93 *cuerdas,* that is to say, an excess of 27.93 *cuerdas,* the value of which, $2,539.12, at the stipulated price of $90.91 per *cuerda,* was in hand paid by the vendee, Luis Toro Pasarell, to the vendor, in the presence of the attesting notary; and the parties stipulated that this deed should be considered as supplemental to and forming an integral part of the previous deed of June 29 of the same year, in order that such explanations might be embodied in the proper records in the registry of property. Upon presentation of this document in the Registry of Property of Caguas for record, the registrar denied the record on the grounds stated in the decision placed at the end thereof, which reads as follows:

"The marginal note is refused with reference to the estate of 120 *cuerdas,* described in the foregoing document, as it is observed that the sum of $2,539.12, which appears to have been paid by Luis Toro Pasarell to Ramón Amer y Vicens, does not appear from the written title nor from the corresponding record as the balance of the price of the contract of purchase and sale to which the said record refers; nor does the registry show the record, nor that any record had been applied for, of the 27.93 *cuerdas* which constitute the difference in area between that appearing of the record in the registry and the survey recently made. In lieu of such marginal note a cautionary notice has been entered, effective for 120 days, in the margin of the fifth entry of estate No. 262, duplicate, at folio 148 of volume 9 of Gurabo, with the further curable defect that the capacity of Ramón Amer y Vicens, as the attorney in fact of his wife, Cristina Salas Estrada, does not appear duly established.—Caguas, November 1, 1906."

Attorney José Hernández Usera took an appeal in due time from this decision on behalf of John B. Cobb, seeking a reversal thereof and the issuance of an order to the rgeistrar to record the deed or enter the proper marginal note.

The General Directorate of Registries of Property has held in a number of decisions that in important differences between the area of estates according to the records in the registry and according to the documents presented for record, are not sufficient to question the identity of the estates, especially when there is no difference in the boundaries, and the registrar must record the same in the registry in the form prescribed in the Regulations.

As it was stipulated in the principal deed of June 29 of last year that a survey was to be made by an expert, to be appointed by the purchaser of the estates sold, within a period not to exceed six months, and that the difference over or below in the area of the estates would be paid for by the vendee or by the vendor, respectively, as the case might be, at the rate of $90.91 per *cuerda,* the price stipulated in the deed, it is evident that the difference of 27.93 *cuerdas* which was found in one of the estates, and which increased the price of the same

by $2,539.12, must be considered as part of the price stipulated and its payment recorded in the registry of property, in the manner prescribed by article 16 of the Mortgage Law.

In view of the legal provisions cited and the decisions of the General Directorate of Registries of Property of November 9, 1877, July 8, 1878, May 21, 1881, and March 8, 1898, the decision of the Registrar of Property of Caguas placed at the end of the deed involved in this appeal is reversed, and it is ordered that it be returned to him with the documents presented and a certified copy of this decision, in order that he may record it in the registry of property by means of a marginal note, or in the manner which may be proper under the law.

*Reversed.*

Justices Hernández, Figueras, MacLeary and Wolf concurred.